## CIRCUIT COURT OF FAIRFAX COUNTY

Alene Smith,
Personal Representative
of the Estate of
Brittney Smith-Mayo

v.

Fairfax Hospital System, Inc.

October 23, 1989

Case No. (Law) 89116

By JUDGE JACK B. STEVENS

This matter is before the Court on Defendant's Plea in Bar to Counts II and III and Demurrer to Counts I, II, and III of the Motion for Judgment. For the reasons set forth below, the Plea in Bar is sustained, the Demurrer is sustained as to Count I, and this action is dismissed.

Defendant's Plea in Bar to Counts II and III asserts that Plaintiff's action is governed by the Medical Malpractice Act, § 8.01-581.1 et seq., Code of Virginia (1950), as amended; that Plaintiff failed to file a Notice of Claim pursuant to § 8.01-581.2(A) prior to filing this action, and the Court therefore lacks subject matter jurisdiction.

Plaintiff's response is that this is not a malpractice action; that there is no allegation that any agent or employee of Defendant deviated from the accepted standard of medical care in rendering medical care to Plaintiff's decedent; that Counts II and III charge common law negligence and wrongful death without regard to medical care, and the Medical Malpractice Act does not apply to this case. Plaintiff cites § 314A and § 320 of the Restatement of Torts, 2d, in support of her position, as well as *Danville Com. Hospital v. Thompson*, 186 Va. 746, 43 S.E.2d

882 (1947), and *Stuart Circle Hospital Corp. v. Curry*, 173 Va. 136 (1939), among other cases.

The Medical Malpractice Act, § 8.01-581.1, Code of Virginia (1950), as amended, sets forth the definitions to be used therein. That section provides in part that:

> "Health care" means any *act*, or treatment performed or furnished, or *which should have been performed or furnished*, by any health care provider for, to or on behalf of a patient *during the patient's medical diagnosis, care, treatment, or confinement* . . . .
> "Malpractice" means any *tort based on health care* or professional services rendered, or which should have been rendered, by a health care provider, to a patient. (Emphasis added.)

The issue is whether the Medical Malpractice Act *applies* to Counts II and III; *not* whether the events complained of could fit a description contained in the Restatement of Torts or language describing a duty in a case predating the Act.

Both Counts here allege negligence which occurred while Plaintiff's decedent was in the Hospital, as a patient, in the Neonatal Intensive Care Unit, and during the time she was being administered an intravenous solution. Such allegations, in the Court's view, describe a *tort based on health care* and within the statutory language of the Medical Malpractice Act. *Glisson v. Loxley*, 235 Va. 62, 366 S.E.2d 68 (1988). The Court therefore concludes that these Counts fall within the statutory scheme of the Medical Malpractice Act and should be governed by the provisions thereof. The Plea in Bar is sustained since no Notice as required by § 8.01-581.2(A) was given and the Court therefore lacks subject matter jurisdiction. *Edwards v. City of Portsmouth*, 237 Va. 137, 375 S.E.2d 747 (1989).

Defendant has demurred to Counts I, II, and III. Count I alleges breach of an implied contract. The Court has considered the authorities cited and concludes that there can be no action for breach of an *implied* contract of care independent of the confines of the Medical Malpractice Act based upon the allegations of Count I. *Glisson*

354

*v. Loxley, supra.* The Demurrer is therefore sustained as to Count I. In light of the Court's prior ruling on the Plea in Bar, the Demurrer to Counts II and III is moot.